IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | DOCKET NO. 3:24-CR-72-KDB |
| v. ) | |
| ) | **FACTUAL BASIS** |
| KELLY BREE MOSLEY ) | |
| ) | |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. Defendant KELLY BREE MOSLEY submitted and caused to be submitted false and fraudulent loan applications using false information regarding small businesses, including fake revenues. As a result of the fraudulent applications, MOSLEY obtained $125,317 in relief funds that were intended to be provided to existing businesses harmed by the COVID-19 pandemic.

2. From on or about May 2020, through on or about April, 2021, MOSLEY, with intent to defraud, did knowingly and intentionally devise a scheme and artifice to defraud by: (1) preparing and causing to be prepared false and fraudulent Economic Injury Disaster Loan ("EIDL") and Paycheck Protection Program ("PPP") loan documents, including applications and other forms and (2) submitting and causing to be submitted the false and fraudulent loan applications in order to obtain funds through the EIDL and PPP programs, in violation of Title 18 United States Code Section 1343.

3.      For the purposes of MOSLEY's scheme to obtain money by materially false and fraudulent pretenses, representations, and promises, MOSLEY did transmit and cause to be transmitted by means of wire communication in interstate commerce any writing, signal, picture, and sound, *to wit*, electronic loan applications in interstate commerce.

4.      On or about May 5, 2020, MOSLEY submitted and caused to be submitted EIDL Application *2387 to the U.S. Small Business Administration ("SBA") via an online submission in the name of Rune, Inc. In the application, MOSLEY falsely claimed that the event planning business had grossed $30,000 in revenue in the 12 months preceding January 31, 2020. MOSLEY provided bank account information for her personal bank account ending in *6285 at Bank 1. Bank 1 was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

5.      As part of EIDL Application *2387 to the SBA, MOSLEY requested an advance of up to $10,000.

6.      MOSLEY certified under penalty of perjury that the information in EIDL Application *2387 was correct and that she would use the funds as directed by EIDL program.

7.      Upon receipt of EIDL Application *2387, the SBA approved the advance. On or about July 7, 2020, the SBA disbursed $3,000 to Mosley's Bank 1 Account *6285.

8.      The SBA approved MOSLEY's EIDL Application. On or about June 30, 2020, the SBA disbursed $12,000 to MOSLEY's Bank 1 Account *6285.

9.      On or about August 21, 2020, MOSLEY submitted and caused to be submitted EIDL Application *6165 to the SBA via an online submission in the name of Cashmere Rose Social Curators. In the application, MOSLEY falsely claimed that the event planning business had grossed $183,500 in revenue in the 12 months preceding January 31, 2020. MOSLEY provided bank account information for her personal bank account ending in *4783 at Bank 1.

10.     MOSLEY certified under penalty of perjury that the information in EIDL Application *6165 was correct and that she would use the funds as directed by the EIDL program.

11.     The SBA subsequently approved MOSLEY's EIDL Application. On or about September 2, 2020, the SBA disbursed $71,200 to MOSLEY's Bank 1 Account *4783.

12.     Bank 2 was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 2 participated in the SBA's PPP as a lender and, as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

13.     On or about July 23, 2020, MOSLEY submitted and caused to be submitted a Borrower Application Form for a PPP loan to Bank 2. In her application materials, MOSLEY

2

falsely stated that her business earned $115,390 in annual revenue and that it had $7,607 in average monthly payroll. MOSLEY stated that she would use the loan funds to pay payroll costs, lease/mortgage interest, and utilities of a business in her own name. MOSLEY certified under penalty of perjury that the information in the PPP application was true and correct.

14. MOSLEY's application for the PPP Loan from Bank 2 resulted in Loan *8109 being created and $19,017 being disbursed to MOSLEY to her Bank 1 account ending in *6285.

15. On or about February 1, 2021, MOSLEY submitted and caused to be submitted a Second Draw Borrower Application Form for a PPP loan to Bank 2. In her application materials, MOSLEY falsely stated that her business had $8,000 in average monthly payroll. MOSLEY stated that she would use the loan funds to pay payroll costs, lease/mortgage interest, covered supplier costs, covered operations expenditures, and utilities of a business in her own name. MOSLEY certified under penalty of perjury that the information in the PPP application was true and correct.

16. MOSLEY's application for the PPP Loan from Bank 2 resulted in Loan *8310 being created and $20,000 being disbursed to MOSLEY to her Bank 1 account ending in *6285.

DENA J. KING
UNITED STATES ATTORNEY

*/s/ Matthew Warren*

MATTHEW T. WARREN
ASSISTANT UNITED STATES ATTORNEY

Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.